IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Hassan Khriesat, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 11 C 4286 |
| | ) | |
| Alexander Yonis and Saso Poposki, | ) | Hon. Joan B. Gottschall |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S POST-HEARING BRIEF**

Plaintiff, Hasan Khriesat, through his counsel, hereby provides the following Points and Authorities pursuant to this Court's September 6, 2012 order. In doing so, we note:

> "[t]he determination of damages is a question reserved to the trier of fact, and a reviewing court will not lightly substitute its opinion for the judgment rendered in the trial court." *Richardson v. Chapman*, 175 Ill.2d 98, 113, 221 Ill.Dec. 818, 676 N.E.2d 621 (1997).

*Tri-G, Inc. v. Burke, Bosselman & Weaver*, 222 Ill. 2d 218, 247, 856 N.E.2d 389, 406 (2006)

Damages For Breach Of Fiduciary Duty

Plaintiff has sought damages in the amount of all revenues generated through the merchant credit accounts which Defendants fraudulently opened in Plaintiff's name. The evidence established that Plaintiff received none of those funds. The breach of Defendants' fiduciary duty to Plaintiff on these facts is entirely separate from the contract between the parties, and neither the cause of action nor the damages are based upon the parties' contract. Instead, they are based upon Defendant's breach of fiduciary duty in opening the merchant accounts, without Plaintiff's knowledge or consent, using Plaintiff's identity, and keeping all of the revenues generated through the accounts. See, *In re Edgewater Med. Ctr.*, 344 B.R. 864, 868

(Bankr. N.D. Ill. 2006) and cases cited therein (analysis of forfeiture damages when both breach of contract and breach of fiduciary duty are present). A fiduciary may not retain any profits obtained through a breach of duty. See *In re Estate of Swiecicki,* 106 Ill.2d 111, 119, (1985); *Home Federal Savings and Loan Association v. Zarkin,* 89 Ill.2d 232, 245, (1982). This rule applies regardless of whether the party to whom the duty was owed has suffered any loss as a result of the breach. *Zarkin,* 89 Ill.2d at 245; *Regnery v. Meyers*, 287 Ill. App. 3d 354, 364, 679 N.E.2d 74, 80 (1997).

Plaintiff's damages for breach of fiduciary duty are based upon the entire amounts deposited by Defendants in the two merchant accounts, $50,000 reflected in the American Express merchant account about which Plaintiff testified, and $22,175 deposited in the single month of June, 2010, in the Redwood Merchant Services Visa, MasterCard and Discover account. Defendant never produced the monthly merchant account statements reflecting revenues. However, the Court may fairly infer that the two merchant accounts, which were opened in June, 2010 and operated through at least October, 2010, generated substantially more than that $72,165.00 total reflected on the two account statements.

Damages for Fraud and Consumer Fraud

Plaintiff seeks damages for Defendants' fraud, based upon a similar calculation as that for breach of fiduciary duty. In addition, Plaintiff seeks damages based upon the damage to his credit score and credit worthiness, as well as the emotional distress caused by the application and use of Plaintiff's credit by Defendant. Plaintiff's credit was sufficiently damaged that he testified he was unable to obtain a Visa or Mastercard account through Bank of America, following Defendant's actions. Similarly to the damages available under a Fair Credit Reporting

Act claim, *McKeown v. Sears Roebuck & Co.,* 335 F. Supp. 2d 917, 933 (W.D. Wis. 2004)("I can think of no reason for allowing consumers to recover for the humiliation and embarrassment of having bankers and mortgage brokers learn of the derogatory credit information while barring them from recovering for the anxiety and stress they may encounter in coping with the error."), Mr. Khriesat should be awarded some amount of damages for having been subjected to this blatant fraud by Defendants. Plaintiff seeks damages in the amount of $10,000 from that action by Defendants.

Finally, Plaintiff seeks punitive damages under these causes of action in the amount of five times the total of those actual damages, in order to punish Defendants for their outrageously unlawful conduct in stealing Plaintiff's identity and using it to open credit accounts in Plaintiff's name, and to deter such unlawful conduct in the future.

Damages for Breach of Contract

The controlling principles are well established. "A recovery may be had for prospective profits when there are any criteria by which the probable profits can be estimated with reasonable certainty." *Barnett v. Caldwell Furniture Co.,* 277 Ill. 286, 289, 115 N.E. 389 (1917). " In order to recover lost profits, it is not necessary that the amount of loss be proven with absolute certainty. [Citation.] Being merely prospective, such profits will, to some extent, be uncertain and incapable of calculation with mathematical precision." *Midland Hotel Corp. v. Reuben H. Donnelley Corp.,* 118 Ill.2d 306, 315–16, 113 Ill.Dec. 252, 515 N.E.2d 61 (1987); accord *Barnett,* 277 Ill. at 289, 115 N.E. 389. The impossibility of proof of the exact amount of lost profits will not justify refusing damages. The law requires only that the plaintiff approximate the claimed lost profits by competent evidence. *Tri-G, Inc. v. Burke, Bosselman & Weaver*, 222

Ill. 2d 218, 248, 856 N.E.2d 389, 406-07 (2006). Here, Plaintiff established not only his payments totaling $82,853.00 toward the purchase of the limousine bus, but also that a reasonable estimate of future lost profits from the operation of the bus easily would reach $100,000 per year, since October, 2010, when Defendants refused to convey title to the bus. Plaintiff thus seeks damages for breach of contract and consequential damages totaling $283,853.00, plus such future lost profits as this Court may deem appropriate.

Attorney's fees

Plaintiff incurred attorney's fees and costs here of $48,551.67. This figure includes the $3,800 Rule 37 sanctions order entered by Magistrate Judge Cole on May 29, 2012 (Doc. # 23, 26, 29) when this matter was referred to Magistrate Judge Cole. (Defendants never complied with the sanctions order of Doc. #29, that payment be made by June 1, 2012.) Magistrate Judge Cole already reviewed the reasonableness of Plaintiff's counsel rate and approved that rate relative to the work performed. See, Doc. #17, 29. Plaintiff's counsel's rate at $475/hour has likewise been approved as recently as September 6, 2012 by Judge Sharon Coleman of this United States District Court. See, *Sanchez v. Prudential Pizza, Inc.*, 10 C 6289, Doc. 141. Plaintiff's counsel has attached his Declaration to this submission, in support of the fees sought here by Plaintiff's counsel; and Plaintiff will submit, along with a courtesy copy of this filing, billing records of Plaintiff's counsel (which contain attorney-client privileged and work product doctrine confidential information) for this Court's *in camera* inspection.

WHEREFORE, Plaintiff requests the entry of an order awarding damages against Defendants Alexander Yonis and Saso Poposki, jointly and severally, as follows:

1) $72,165.00 for damages for breach of Defendants' fiduciary duty to Plaintiff, under

count IV;

    2) $82,165.00 in actual damages arising from Defendant's fraudulent conduct, along with punitive damages in an amount five times Plaintiffs' actual damages, under Counts I and III;

    3) $282,853.00 in contractual damages from Plaintiff's payments to Defendants and his lost profits in the ensuing two years, plus the $189,000 value of limousine bus to which Defendants refused to convey title to Plaintiff, under Count II;

    4) Plaintiff's reasonable attorney's fees and costs, in the amount of $48,551.67;

    and Plaintiff seeks the entry of an order providing for the turnover of all monies or assets held by or through Redwood Merchant Services in the merchant account in Plaintiff's name, with merchant account number ending in 001611;

    and such other relief as this Court may deem appropriate and just.

    Respectfully submitted,

    <u>/s/Jeffrey Grant Brown</u>
    Attorney for plaintiff
    Hasan Khriesat

Jeffrey Grant Brown
221 North LaSalle Street
Suite 1414
Chicago, IL 60601
312.789.9700
#6194262

CERTIFICATE OF SERVICE

I, Jeffrey Grant Brown, attorney for the plaintiff, state that I caused a copy of the attached **PLAINTIFFS' POST HEARING BRIEF** to be electronically filed with the Clerk of the Court for the United States District Court for the Northern District Of Illinois, which will send notification of such filing to all Filing Users, on this 7th day of September, 2012.

/s/Jeffrey Grant Brown
Jeffrey Grant Brown